IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HORBERG ENTERPRISES, L.P., an Illinois Limited Partnership, | ) |
| Plaintiff, | ) |
| v. | ) |
| ARTHUR HOOD AND CIRRUS GROUP LLLP, a Texas Limited Liability Partnership, | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Horberg Enterprises, Limited Partnership ("Plaintiff" or "Horberg"), an Illinois limited partnership, by its attorney, for its Complaint against defendants Arthur Hood ("Hood") and CIRRUS Group, LLLP ("CIRRUS"), a Texas limited liability partnership (collectively, "Defendants"), states as follows.

**PARTIES, JURISDICTION AND VENUE**

1. Horberg is a limited partnership formed under the laws of the State of Illinois with its principal place of business in Highland Park, Illinois. Horberg is in the business of family investing.

2. The general partner of Horberg is Horberg Ventures GP, which is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Highland Park, Illinois.

3. The limited partners of Horberg are Jori Alson Horberg Trust, Chase Alexander Horberg Trust, Kenzie Sloane Horberg Trust, Tyler Grant Horberg Trust, Howard Todd Horberg Grantor Trust f/b/o Jori Alson Horberg, Howard Todd Horberg Grantor Trust f/b/o Chase Alexander

Horberg, Howard Todd Horberg Grantor Trust f/b/o Kenzie Sloane Horberg and Howard Todd Horberg Grantor Trust f/b/o Tyler Grant Horberg. The Trustee of each of first four of these Trusts is Paul Loeb, a citizen and resident of the State of Illinois. The Trustee of each of the last four of these trusts is Howard Todd Horberg, a citizen and resident of the State of Illinois.

4. Hood is a citizen and resident of the state of Texas.

5. CIRRUS is a limited liability partnership organized under the laws of the State of Texas with its principal place of business in Richardson, Texas. On information and belief, Hood is the sole partner of CIRRUS.

6. This Court has diversity jurisdiction over the claims in this action under 28 U.S.C. §1332 in that Plaintiff and Defendants are citizens of different states and in that the matter in controversy exceed the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District in that a substantial portion of the events at issue in this matter occurred in this District. 28 U.S.C.§1391.

## FACTUAL ALLEGATIONS

8. In or about November 2017, at the introduction of a mutual acquaintance, Hood represented to Horberg's general partner that Hood had purchased certain convertible debt of Adama Technologies Corporation ("ADAC") and that Hood was looking for investors to participate in the purchase of that debt. Hood represented that there was a strong likelihood that ADAC stock would rise and that, by converting the debt into stock, investors could experience substantial appreciation.

9. Based on Hood's representations, Horberg elected to invest the sum of $50,000 to purchase ADAC debt Horberg also paid miscellaneous other fees and costs to effectuate the purchase.

10. Thereafter, the debt was converted into shares of the common stock of ADAC.

11. In January 2018, Hood represented to Horberg's general partner that, in order to begin selling the stock, it was necessary that the shares be assigned and transferred to CIRRUS. Hood represented to Horberg's general partner that, although CIRRUS was an entity controlled entirely by Hood, Horberg would be given access to CIRRUS' account information and trading authority over the account. Hood further represented that, when the ADAC stock was sold, the proceeds of the sale of Horberg's stock would be paid to Horberg. Horberg agreed to pay Hood 10-15% of any profits from the sale of ADAC stock.

12. Based on the aforesaid representations by Hood, in January 2018 Horberg entered into an "Assignment of Shares Agreement" whereby Horberg assigned its right, title and interest in the ADAC shares and debt to CIRRUS.

13. Thereafter, the shares in Horberg's name were transferred to CIRRUS and Hood began selling the shares on the open market.

14. During January and February 2018, Hood made a series of representations to Horberg that the ADAC shares in CIRRUS' account were being sold at a profit due to the appreciation in the price of ADAC's shares. For example, on January 28, 2018, Hood reported to Horberg that some of the ADAC shares, which had been converted at .01 per share, had been sold at prices between .036 and .051 and that the amount of proceeds to that date had already exceeded the amount Horberg had paid, with millions of shares still to be sold.

15. Ultimately, Hood represented to Horberg that the ADAC shares previously owned by Horberg and now in the CIRRUS account had been sold at an aggregate amount of approximately $375,000, or a profit of approximately $325,000 beyond Horberg's original $50,000 investment. Hood further informed Horberg that Horberg would need to pay taxes on

the capital gains from the sales. Horberg thereafter took steps to ensure that the tax obligations from the sales were covered.

16. Hood thereafter caused CIRRUS' account and the ADAC shares or proceeds thereof to be transferred to CIRRUS' accounts at other brokerage firms in order to delay, hide and hinder Horberg's ability to recover the proceeds.

17. Despite Hood's representations, neither Hood nor CIRRUS ever allowed Horberg access to the CIRRUS accounts holding the ADAC shares or trading authority over the accounts.

18. Beginning in March 2018 and continuing through the present, Hood and CIRRUS have engaged in a pattern and practice of false and misleading representations to Horberg as part of a plan to convert the proceeds of the sale of the ADAC shares to Hood's and CIRRUS' benefits and to hide their plan not to return to Horberg the original amount of the investment and the profit from the sale. For example, Hood and CIRRUS have represented to Horberg that the proceeds of the sale of the ADAC stock were "tied" up due to problems with the brokerage firms at which the CIRRUS accounts holding the stock were maintained, that there were problems with wire transfers, and that the monies would be sent shortly.

19. Hood and CIRRUS also sought Horberg's approval to invest the proceeds or portions of them into other investments. Horberg agreed to invest a small amount of the proceeds to be used for such investments, but never agreed to invest the remainder of the proceeds of the sale of the ADAC shares in such investments.

20. Rather, Hood and CIRRUS have instead converted to the Horberg's original investment and the proceeds from the sale of the ADAC stock to their own use and benefit.

21. Horberg has made several requests to Hood and CIRRUS that the proceeds from the sale of ADAC stock, including but not limited to the amount originally forwarded by Horberg, be

immediately returned to Horberg but Hood and CIRRUS have refused and failed, and continue to refuse and fail, to pay those proceeds to Horberg.

## CAUSES OF ACTION

## COUNT I: CONVERSION

22. Horberg adopts and incorporates paragraphs 1-21 as paragraph 22 of this Count I as if fully set forth herein.

23. The amounts invested by Horberg and the proceeds from the sale of the aforesaid ADAC stock belong to Horberg and Horberg is entitled to immediate and full possession thereof.

24. Horberg has the unconditional and absolute right to full possession thereof.

25. Hood and CIRRUS have wrongfully and without authorization assumed control, dominion or ownership over those proceeds.

26. On information and belief, Hood and CIRRUS have converted the proceeds to their own use and benefit.

27. Horberg has demanded that Hood and CIRRUS return the proceeds to Horberg but Hood and CIRRUS have failed and refused and continue to fail and refuse to return any or all of the proceeds to Horberg.

28. Due to Hood's and CIRRUS' malicious and wrongful actions and representations, Horberg is entitled to punitive damages.

WHEREFORE, Horberg Enterprises, L.P. requests that this Court enter judgment on this Count I in its favor and against defendants Arthur Hood and CIRRUS Group, LLLP, jointly and severally, in an amount currently unknown but exceeding the sum of $75,000 exclusive of interest and costs, representing the proceeds from the sale of the ADAC stock and the amounts invested by plaintiff to purchase that stock, believed to be a total of $375,000, punitive damages

in the amount of at least $100,000, interest thereon, its reasonable attorney's fees in bringing this action, and such other and further relief as the Court deems just in the premises.

**COUNT II: BREACH OF ORAL CONTRACT**

29. Horberg adopts and incorporates paragraphs 1-21 as paragraph 29 of this Count II as if fully set forth herein.

30. At the time Horberg entered into the Assignment Agreement whereby it assigned its right, title and interest in and to the ADAC stock and the proceeds thereof to CIRRUS, Hood and CIRRUS, through its agent and partner Hood, agreed that after the ADAC shares were sold the proceeds of any profit, together with the original amount invested by Horberg, would be returned to Horberg.

31. Based on and in consideration for that agreement, Horberg assigned and transferred its right, title and interest in and to the ADAC shares to CIRRUS.

32. Horberg has performed all conditions precedent on its part to be performed.

33. Hood and CIRRUS have breached the oral agreement described above by failing to pay to Horberg the amount Horberg invested and the proceeds from the sale of the ADAC shares.

34. Horberg has demanded that Hood and CIRRUS return the proceeds to Horberg but Hood and CIRRUS have failed and refused and continue to fail and refuse to return any or all of the proceeds to Horberg.

35. Due to Hood's and CIRRUS' willful and vexatious failure to pay the aforesaid amounts, Horberg is entitled to interest on the sums due at the Illinois statutory interest rate.

WHEREFORE, plaintiff Horberg Enterprises, L.P. requests that this Court enter judgment on this Count II in its favor and against defendants Arthur Hood and CIRRUS Group, LLLP, jointly and severally, in an amount currently unknown but exceeding the sum of $75,000

exclusive of interest and costs, representing the proceeds from the sale of the ADAC stock and the amounts invested by plaintiff to purchase that stock, believed to be a total of $375,000, interest thereon at the Illinois statutory rate and such other and further relief as the Court deems just in the premises.

## COUNT III: ACCOUNTING

36. Horberg adopts and incorporates paragraphs 1-35 as paragraph 36 of this Count III as if fully set forth herein.

37. Based on the foregoing, Horberg is entitled to an accounting of all monies received by Hood and CIRRUS from the amounts invested by Horberg and from the proceeds of the sale of the ADAC stock assigned to CIRRUS as aforesaid.

38. Horberg has requested and demanded such an accounting but Hood and CIRRUS have failed and refused and continue to fail and refuse to provide such an accounting to Horberg.

WHEREFORE, Horberg Enterprises, L.P. requests that this Court enter judgment on this Count III in its favor and against defendants Arthur Hood and CIRRUS, LLLP, jointly and severally, that this Court order said defendants to provide a full and complete accounting to plaintiff of all proceeds from the sale of the ADAC stock and the amounts invested by plaintiff to purchase that stock, that upon such accounting, defendants be ordered to immediately turn over to plaintiff the full amount thereof, and that this Court grant such other and further relief as the Court deems just in the premises.

## COUNT IV: CONSTRUCTIVE TRUST

39. Horberg adopts and incorporates paragraphs 1-35 as paragraph 39 of this Count IV as if fully set forth herein.

40. As a proximate result of the foregoing misrepresentations and wrongful activity by Defendants, Horberg is threatened with the possible loss of the amount invested plus the profits from the sale of the ADAC stock.

41. By reason of the fraudulent and otherwise wrongful manner in which the Defendants obtained their alleged right, claim or interest in and to the aforesaid property, Defendants, and each of them, have no legal or equitable right, claim or interest therein, but, instead, Defendants, and each of them are involuntary trustees holding said property and profits therefrom in constructive trust for Horberg with the duty to immediately convey the same to Horberg.

42. Due to Hood's and CIRRUS' malicious and wrongful actions and representations, Horberg is entitled to punitive damages.

WHEREFORE, plaintiff Horberg Enterprises, L.P. requests that this Court enter judgment on this Count IV in its favor and against defendants Arthur Hood and CIRRUS Group, LLLP, jointly and severally, in an amount currently unknown but exceeding the sum of $75,000 exclusive of interest and costs, representing the proceeds from the sale of the ADAC stock and the amounts invested by plaintiff to purchase that stock, believed to be a total of $375,000, punitive damages in the amount of at least $100,000, interest thereon, its reasonable attorney's fees in bringing this action, and such other and further relief as the Court deems just in the premises.

## COUNT V: FRAUD

43. Horberg adopts and incorporates paragraphs 1-42 as paragraph 41 of this Count V as if fully set forth herein.

44. As set forth above, Defendants have engaged in a pattern and practice of false and misleading representations designed, first to induce Horberg to assign its right, title and interest

in the ADAC stock to CIRRUS and then, after the ADAC stock was sold at a substantial profit, to hide their conversion and unlawful retention of the proceeds.

45. Defendants made the aforesaid representations with intent to defraud Horberg.

46. Defendants knew at the time they made the aforesaid representations that they intended to take the proceeds from the sale of the ADAC shares and convert the proceeds to their own benefit.

47. The aforesaid representations were untrue when made.

48. Horberg reasonably relied upon Defendants' representations in assigning Horberg's right, title and interest to the ADAC shares to CIRRUS.

49. As a direct and proximate result of the aforesaid misrepresentations, Horberg has suffered damages in an amount to be determined but believed to be in excess of $375,000.

50. Due to Hood's and CIRRUS' malicious and wrongful actions and representations, Horberg is entitled to punitive damages.

WHEREFORE, plaintiff Horberg Enterprises, L.P. requests that this Court enter judgment on this Count V in its favor and against defendants Arthur Hood and CIRRUS Group, LLLP, jointly and severally, in an amount currently unknown but exceeding the sum of $75,000 exclusive of interest and costs, representing the proceeds from the sale of the ADAC stock and the amounts invested by plaintiff to purchase that stock, believed to be a total of $375,000, punitive damages in the amount of at least $100,000, interest thereon, its reasonable attorney's fees in bringing this action, and such other and further relief as the Court deems just in the premises.

Attorney for Plaintiff

Howard J. Stein

Suite 2040
30 N. LaSalle St.
Chicago, IL 60602
312.726.4514
N.D. Ill. Attorney No. 2116208

VERIFICATION

Howard Todd Horberg, president of Horberg Ventures GP, Inc., the general partner of Horberg Enterprises, L.P., plaintiff in the above matter, under penalty of perjury, hereby certifies that he is duly authorized to execute this Verification of behalf of such plaintiff, that he has personal knowledge of the matters and things set forth in the foregoing Verified Complaint and that the statements set forth in the foregoing Verified Answer to Counterclaim are true and correct to the best of his knowledge, belief and information.

Dated June 29,2018

Howard Todd Horberg

Scanned with CamScanner